10-3663-cr
United States v. Bowen

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
         JOSÉ A. CABRANES,
         DEBRA ANN LIVINGSTON,
                          <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         <u>Appellee</u>,

         -v.-                                    10-3663-cr

GEORGIA F. BOWEN, a/k/a GEWNDOLYN TEMPLE EMMET, a/k/a GWENDOLYN GODIVA EMMET, a/k/a GWENDOLYN EMMET, a/k/a GEORGIA G. EMMET, a/k/a GWENDOLYN G.T. EMMET, a/k/a GEORGIA BOWEN EMMET, a/k/a GWENDOLYN G TEMPLE T,
         <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**       E. Carey Cantwell, E. Carey Cantwell, P.C., Buffalo, NY.

**FOR APPELLEE:**        Joseph J. Karaszewski, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Georgia Bowen appeals from a judgment of conviction entered on September 3, 2010 by the United States District Court for the Western District of New York (Skretny, C.J.) for aggravated identity theft in violation of 18 U.S.C. § 1028A.  We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Bowen contends that her former attorney failed to properly advise her of the immigration consequences of the plea agreement that he advised her to accept.  She therefore seeks to withdraw her plea agreement under Padilla v. Kentucky, 130 S. Ct. 1473 (2010), which holds that failing to properly advise a client of the immigration consequences of a guilty plea is ineffective assistance.  Id. at 1483. Bowen pled guilty to aggravated identity theft in violation of 18 U.S.C. § 1028(a), rendering her deportable under section 237(a)(2)(A)(iii) of the Immigration Nationality Act.  See 8 U.S.C. § 1227(a)(2)(A)(iii); see also id. § 1101(a)(43)(M)(i) (defining aggravated felony to include an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000").  After Bowen pled guilty but before sentencing, her attorney withdrew for health reasons and died soon after.

After obtaining new counsel, Bowen moved to withdraw her guilty plea because, *inter alia*, she had not been properly advised of its immigration consequences.  However, the attached affidavit swore that her former attorney "misinformed her that she had no relief to get from deportation it was a must" (an averment said to reflect

2

incompetence because her own subsequent research revealed that relief was available).  Although Bowen later contended that her attorney had not in fact advised her of the mandatory deportation that attached to her conviction, the district court credited her earlier affidavit and denied her motion to withdraw her plea.

Although we normally prefer to defer resolution of ineffective assistance claims until a later motion under 28 U.S.C. § 2255, see Massaro v. United States, 538 U.S. 500, 504 (2003), the record before us is sufficient to resolve Bowen's claim, see United States v. Hasan, 586 F.3d 161, 170 (2d Cir. 2009).  We review an ineffective assistance claim de novo, see Arteca, 411 F.3d 320, 320 (2d Cir. 2005), but accept the district court's factual findings unless they are clearly erroneous, see United States v. Monzon, 359 F.3d 110, 119 (2d Cir. 2004).  We owe particular deference to factual findings premised on credibility determinations, and where there are two competing, permissible views of the evidence, a choice between them cannot be clearly erroneous. Id.  The district court's finding that Bowen's attorney properly advised her of the immigration consequences of her plea, when she admitted as much under oath, is far from clearly erroneous.

The district court did not err by deciding the motion without an evidentiary hearing.  A district court's decision on whether to hold an evidentiary hearing for a claim of ineffective assistance is reviewed for abuse of discretion. See United States v. Levy, 377 F.3d 259, 264 (2d Cir. 2004). On the record before it, including Bowen's own admission of the advice she received, the district court's decision was not an abuse of discretion.

Finding no merit in Bowen's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3